## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**ODIS MILES**                                       **CIVIL ACTION NO. 2:11-cv-618**
    **FED. REG.#35688-180**

                                          **SECTION P**

**VERSUS**                                          **JUDGE MINALDI**

**JOSEPH P. YOUNG**                                 **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

*Pro se* petitioner Odis Miles, a prisoner in the custody of the Federal Bureau of Prisons (BOP) filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on April 14, 2011.  Doc. 1.  He is currently incarcerated at the Federal Correctional Institute, Oakdale (FCI-O), Louisiana, and was at FCI-O when he filed this petition.[1]  However, he complains of events that occurred while he was incarcerated at the Federal Correctional Institute, Bastrop (FCI-B), Texas.   Petitioner names FCIO Warden Joseph.P. Young as his defendant herein. Petitioner challenges prison disciplinary proceedings that resulted in the forfeiture of good time credits and other sanctions.  Doc. 1, att. 2, p. 1.  More specifically, he claims that his due process rights were violated in regard to both proceedings and the sanctions imposed therein.  Doc. 1, att. 2, p. 2-3.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH**

---

[1]Jurisdiction must be judged as of the time a petition is filed.  *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001).  Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.  *See id.*; 28 U.S.C. § 2241(d).

PREJUDICE.

*Background*

On April 25, 2010, while incarcerated at FCI-B, Texas, the petitioner was observed engaging in a prohibited sexual act (intimate touching) with a female visitor.  Doc. 1, att. 3, p. 3. Petitioner claims that he had a prior "run-in" with the reporting officer.  Doc. 1, att. 2, p. 1.  As a result of this incident, a disciplinary report was issued.  Doc. 1, att. 3.  The report charged petitioner with an infraction of Bureau of Prisons Code 205 (Engaging in a Sexual Act).  *Id*.

The disciplinary hearing officer's (DHO) hearing in regard to the incident was conducted on May 12, 2010.  Doc. 1, att. 3, p. 1.  The DHO found that petitioner had committed the act as charged, and petitioner was sanctioned with twenty-seven days of disallowed good conduct time, thirty days of disciplinary segregation, ninety days loss of commissary privileges, and one hundred eighty days loss of visiting privileges.  Doc. 1, att. 3, p. 3.  A disciplinary transfer was also recommended by the DHO.  Doc. 1, att. 3, p. 4.

Petitioner claims that his due process rights were violated in regard to the hearing as his request for staff representation was denied and because he was not allowed to view surveillance video.  Doc. 1, att. 2, p. 3.  He further claims that the evidence was insufficient to support the DHO finding.  *Id*.  In finding that petitioner was guilty as charged, the DHO relied on the incident report and investigation as well as the petitioner's statement that he did not engage in the activity for which he was accused.  Doc. 1, att. 3, p. 3.  T

he record of this disciplinary process reflects that petitioner elected to waive his opportunity for a staff representative.  Doc. 1, att. 3, p. 1.  It also notes that petitioner's requested witness (Officer Marburger) was not at the hearing but did provide a statement.  Doc. 1, att. 3, p. 3.  The statement indicated that the officer was not in an area to observe the incident.  *Id*.  The report further noted that the incident was observed by the reporting staff member and a Mr. Salzar, and that there were no video recordings of this incident.  *Id*.  It was also noted that

2

petitioner had previously been charged and found guilty of the same conduct.  *Id*.  The DHO found that the greater weight of the evidence supported a finding that petitioner committed the prohibited act with which he was charged.  *Id.*

Petitioner appealed his convictions through the local, regional, and national levels.  The regional appeal was denied on August 10, 2010, and the national appeal was denied on February 2, 2011.  Petitioner filed this petition on April 14, 2011.

### *Law and Analysis*

Petitioner seeks to have the incident report expunged, the lost good time credits restored, and the other sanctions reversed.  Petitioner notes that he has already served the visitation restriction portion of his sanction.  Federal prisoners have liberty interests in their accumulated good-time credit.  *See Henson v. U.S. Bureau of Prisons,* 213 F.3d 897, 898 (5th Cir.2000). Therefore, since petitioner lost good time credits, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445 (1985), governs this review of the contested disciplinary proceeding.

In *Wolff*, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime."  418 U.S. at 555.  Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555-556.  Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation;(2) an opportunity to present evidence,(3) written findings in support of the ruling, and (4) the requirement that upon review, "some evidence" support the ruling.  *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); Wolff*, supra*, at 556.

In *Hill*, the Supreme Court provided guidance regarding the "some evidence" standard of

review for federal courts to apply in their assessment of prison disciplinary decisions involving the loss of good conduct time credits. 472 U.S. at 457.  According to the Court, the requirements of due process are met, and the decision of the prison discipline officer must be upheld, if there is "some evidence" to support the decision.  *Id.*  The process to be used by the reviewing court was further described as follows:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witness, or  weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56.

Once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenges by the petitioner and uphold the finding of the DHO.  *See Id.* at 457.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."  *Id.* at 456.

The exhibits provided by petitioner, including the BOP's Discipline Hearing Officer Report and the appeal responses, establish beyond any doubt that petitioner received adequate notice of the alleged violations; that he was afforded the opportunity to present evidence; and that written findings in support of the ruling were provided. In other words, the exhibits establish that petitioner was afforded all the process he was due under *Wolff*, *supra.*.

Further, the exhibits establish that there was some if not ample evidence of guilt sufficient to satisfy the standard enunciated in *Hill, supra*.[2]

In short, petitioner has not shown that he was deprived of liberty without due process;

---

[2] As provided in *Hill*, the Court, in assessing whether "some evidence" supports the disciplinary conviction, is not required to assess the credibility of the witnesses who provided evidence at the DHO hearing. 472 U.S. at 455-56 **.**

therefore, he has failed to state a claim for which relief may be given and dismissal of his petition on that basis is appropriate.

### Conclusion

Considering the foregoing, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 2nd day of August, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE